UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

James R. Walker,

Plaintiff,

vs. ORDER

UNUMProvident Corp.,

Defendant. Civ. No. 01-1795(DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 24th day of May, 2002.

* * *

On May 23, 2002, we heard arguments on the Defendant's Motion for a Protective Order, which would limit the scope of the Plaintiff's intended discovery into unrelated insurance claim files in the Defendant's possession, custody or control. At the time of the Hearing, the Plaintiff appeared by Stephen W. Cooper, Esq., and the Defendant appeared by Terrance J. Wagner, Esq. For the reasons expressed during the course of the Hearing, and briefly reiterated below, we grant the Defendant's Motion in part.

On September 28, 2001, the Plaintiff filed his Complaint against the Defendant, his disability insurer, alleging that the Defendant had wrongfully denied his claim for disability benefits. The Plaintiff complains that, on or about December 21, 1992, while covered by an insurance policy issued by the Defendant, he had

(16)

FILED MAY 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

become totally disabled by virtue of a generalized anxiety disorder, a major depressive disorder, and a sexual disorder, and that the Defendant had breached its insurance contract by not honoring the Plaintiff's request for disability benefits, and had denied his insurance claim in "bad faith."

The Plaintiff has scheduled one or more Rule 30(b)(6) depositions of the Defendant, and has provided the Defendant with notice of its obligation to provide:

> A deponent or deponents who is knowledgeable of and can authoritatively identify all holders of disability insurance policies with you having known psychological or other mental disorders and who also filed claims for disability benefits since April 01, 1992, and the percentage of those claims that were denied by you.

The Defendant objects to this request, on the grounds that the information it seeks is irrelevant to the instant litigation, that the request is overly burdensome, and that it invades the privacy of its policy holders.[1]

---

[1]The Defendant's Motion also sought a Protective Order which would spare them from having to produce:

> A deponent or deponents who is knowledgeable of and can authoritatively identify all holders of disability insurance policies with you having known felony criminal records and who also filed claims for disability benefits since April 01, 1992, and the percentage of those claims that were denied by you.

(continued...)

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Plaintiff contends that the information he seeks through the Rule 30(b)(6) deposition is discoverable, under Rule 26(b)(1), because he believes that it may demonstrate that the Defendant treated mental disability benefit claims differently than disability benefit claims based upon physical disorders. The Defendant counters that such information is irrelevant, as the only issue in this case is whether the Plaintiff was disabled, as defined by the terms of his policy issued by the Defendant. The Defendant urges that a comparison of the treatment of the Plaintiff's claim with those of other insureds would be meaningless given the numerous factors that are considered in resolving a disability claim. In addition, the Defendant objects to the burden imposed by this request in that it relates to a ten-year period and, as phrased in the Rule 30(b)(6)

---

(...continued)
The Plaintiff's have agreed to voluntarily withdraw this request. Thus, the part of the Defendant's Motion seeking a Protective Order based on this request, is denied as moot.

In its Motion, the Defendant also related that the Plaintiff had served an Interrogatory requesting similar information, to which it had objected. Memorandum of Law in Support of Protective Order, at 2. Although the Plaintiff suggested that he was withdrawing that Interrogatory at the moment, our ruling applies to the Interrogatory as well, insofar as the ruling is relevant.

Notice, would require the Defendant to personally examine voluminous files.

In response, the Plaintiff points out that, in addition to asserting a claim for breach of contract, alleging that he should have been found disabled under the terms of his policy, he has also asserted a claim for "Dealing in Bad Faith," in which he charges that the Defendant's denial of his benefit claim was made in "bad faith." The Plaintiff urges that, if the Defendants have a policy, whether formal, or informal, of treating the claims of those seeking disability benefits for mental disorders which is substantively different from those seeking such benefits for physical disorders, then that policy would be relevant to his claim of "bad faith" dealing. While the Defendant counters that, under Minnesota law, an asserted "bad faith" breach of contract fails to state a cause of action, to date, the Defendant has not sought to dismiss this claim under Rule 12(b)(6), Federal Rules of Civil Procedure.

We find, on the basis of the Record presented, that the Plaintiff's Rule 30(b)(6) Notice goes well beyond the scope of discovery that is relevant to the claims he has pled. As noted, the Plaintiff demands a deponent who can authoritatively identify all persons who held a policy, issued by the Defendant over the last ten years, who had a "known psychological or other mental disorder," and who filed a claim for disability benefits with the

Defendant, as well as the percentage of those claims that the Defendant denied. At the Hearing, the Plaintiff further delimited his discovery interest to two categories of information: 1) he asks to be provided with the percentage of claims for mental or psychological disability benefits which were denied by the Defendant; and 2) he wants to inquire into the existence, and nature, of any policy -- formal, or informal -- by which the Defendant treats claims for disability benefits, based upon mental disorders, differently than those based on physical disorders.

We find the delimited discovery requests allowable under the scope of discovery prescribed by Rule 26(b)(1), Federal Rules of Civil Procedure, so long as the information is available to the Defendant without undue burden and expense. We rule somewhat indulgently, as the Plaintiff has added a request for formal and informal policies, which was not previously detailed in his Notice, but counsel are traveling to Tennessee to take the deposition, and it would serve no interest to insist on the limits defined in the Plaintiff's Notice. The Plaintiff should understand, however, that we do not intend the deposition to traverse in other areas which have not been properly noticed.

Moreover, we deny the Plaintiff's request for the identities of mental disability claimants who are strangers to this action. If such information ever becomes relevant, we will secure the

privacy of that information as the circumstances warrant. Further, the period of discovery allowed will be for five years -- that is, from April 1, 1997, to date. Lastly, we direct the provision of the percentage of denial of mental disorder benefit claims to the extent that the information is readily generated without unduly burdensome effort or expense. Frankly, in this computerized age, we assume, but without knowing, that such information is readily available without an appreciable expenditure of time or expense, but it is an assumption that has not been suitably informed. If the Defendant's deponent testifies that such information is not available without unduly burdensome expense and effort, then the Plaintiff may inquire as to the logistical considerations that would allow the discovery of that information by less burdensome means. In short, by so limiting the inquiry of the Plaintiff at this time, we make no suggestion as to our ultimate ruling were the Plaintiff to demonstrate that the provision of such information would not be unduly burdensome. Given this ruling, we expect the Defendant to make a good faith effort to fully respond to the Plaintiff's request for the percentage denial of mental disability benefit claims.

Lastly, as we expressed during the course of the Hearing, we have more than passing doubt that the information so disclosed will be admissible at Trial, but that consideration, alone, does not

thwart the discovery that the Plaintiff requests. If the Defendant employs a bias against the honoring of mental disability claims, notwithstanding the provisions of its insurance contract, then the Plaintiff may proffer such evidence, if not the precise percentages disclosed, in advancing his breach of contract action, even if the bad faith breach claim is ultimately found legally wanting.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion for a Protective Order [Docket No. 11] is GRANTED in part, as more fully detailed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

## *Featured Speakers Include:*

**District of Minnesota**

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

**United States Bankruptcy Court**
**District of Minnesota**

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including
2 Ethics and 1 Bias Credit

The Minnesota Chapter of the Federal Bar Association
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF
THE FEDERAL BAR
ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

June 19, 2002
8:00 am—5:15 pm

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | **Registration** |
| 8:00-8:15 | **Opening Remarks and Welcome,** ***Judge Ann D. Montgomery*** |
| 8:15-9:00 | **Securities Law Issues in the Wake of Enron,** ***Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)*** |
| 9:00-9:45 | **Current Issues in Employment Law,** ***Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)*** |
| 9:45-10:00 | **Morning Break** |
| 10:00-10:45 | **Current Initiatives in the U.S. Attorneys' Office,** ***Tom Heffelfinger (U.S. Attorneys Office)*** |
| 10:45-11:45 | **Discovery Disputes: Professionalism in the Practice of Law?,** ***Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,*** |
| 11:45-12:45 | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | **The Clerk's Office Can Be Your New Best Friend,** ***Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon*** |
| 1:30-2:15 | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** ***Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)*** |
| 2:15-3:15 | **Issues in the Wake of 9/11: Racial Profiling --** ***Daniel M. Scott (U.S. Federal Public Defenders' Office)*****; Response by the Department of Justice --** ***Tony Brown (U.S. Attorneys Office)*** |
| 3:15:3:30 | **Afternoon Break** |
| 3:30-4:15 | **Update on Technology Tools for Litigating in Federal Court,** ***Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)*** |
| 4:15-5:15 | **Ethics in "Real Life" Practice Situations,** ***Martin A. Cole (Lawyers Professional Responsibility Office)*** |

## *Seminar Registration*

☐ Member $195.00

☐ Non-Member $225.00

Name

Firm/Employer

Address

Phone

E-Mail

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA (612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building