UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 01-1795 (DWF/RLE)

James R. Walker,

Plaintiff,

**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS**

UnumProvident Corp., f/k/a/ Provident Life & Accident Insurance Company,

Defendant.

**STIPULATION**

The parties, by and through their undersigned counsel, hereby stipulate to the entry of a Protective Order as follows:

1. "Confidential" Documents. This Order shall govern documents produced or exchanged ("documents") and all written answers and responses to discovery ("answer") made by Plaintiff, his attorneys, consultants, agents, and representatives and by Defendant, its attorneys, consultants, agents, employees and representatives. "Confidential Documents" shall include, but not necessarily be limited to Defendants' internal reports, instructional material, policies, manuals, training manuals, application processes for disability benefits, and investigative procedures for claims and other internal corporate documents; and documents related to Plaintiff's health, medical care, finances or income tax returns.

2. Scope of "Confidential" Designation. The special treatment accorded to documents designated "Confidential" under this Order shall reach:



24 25

FILED JUL 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a. All documents previously or hereafter designated "Confidential";

b. All copies, extracts, and complete or partial summaries prepared from such documents;

c. Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts or summaries; and

d. Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such documents, copies, extracts or summaries;

3. Restrictions on Disclosure of "Confidential" Documents. Absent prior written consent of all parties and nonparties asserting Confidential treatment, except as provided elsewhere in this Order, documents designated "Confidential", and all information contained therein or derived therefrom, may not be disclosed to any person other than:

a. The parties to this litigation;

b. Counsel for the parties in this action;

c. Secretaries, paralegal assistants, and other employees of such counsel who are assisting in the prosecution and/or defense of this action;

d. The court, its staff and the jury;

e. Copying vendors;

f. Persons having, or reasonably believed to have, knowledge concerning the document or the information contained therein;

g. Consultants or experts retained for the purpose of assisting counsel or the parties in the prosecution and/or defense of this action; and

h. Deposition or trial witnesses in this action. In no event, however, shall disclosure be made under this subparagraph to any witness, except consultants or experts retained for the purpose of assisting counsel or the parties as described in 3(g), who is or has been employed by or associated with any competitor or customer of the parties unless the "Confidential" documents in question were written by, seen by or copied to said witness;

4. Review of Own "Confidential" Documents. The restrictions of this Order shall not

apply to parties or nonparties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "Confidential" documents.

5. Certification of Compliance. Except for persons identified in subparagraphs 3(a)-(e) above, no person authorized under the terms of this Order to receive access to "Confidential" documents shall be granted access to them until such person has read this Order and signed the Certificate of Compliance form attached to this Stipulation as Exhibit A. Upon order of this Court, for good cause shown, the Certificates of Compliance shall be made available for inspection. However, with respect to non-testifying experts, the parties may comply with this provision by submitting non-testifying experts' Certificates of Compliance to the Court for in camera review to determine compliance.

6. Improper Designation. This Stipulation and Protective Order shall not act as a waiver or agreement as to documents improperly designated as "Confidential." Either party may challenge the other party's designation and obtain a determination from the Court.

7. Notice of Breach. Upon learning of any breach or threatened breach of this Order, counsel agrees to promptly notify counsel for the opposing and producing parties of such breach or threatened breach.

8. Use of "Confidential" Documents at Depositions. Documents designated "Confidential", and all information contained therein or derived therefrom, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order. Any "Confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" documents or information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder

of the transcript, and shall be treated as "Confidential" under the provisions of this Order.

9. Designating Portions of Deposition Transcripts Confidential Any party or nonparty may, within 15 days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as being "Confidential." At deposition, the parties will attempt in good faith to preliminarily identify and designate "Confidential" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "Confidential", or by underlining the portions of the pages that are Confidential and stamping such pages "Confidential". Until expiration of the 15-day period, the entire deposition transcript, and all exhibits thereto, will be treated as "Confidential" under the provisions of this Order. If no party or nonparty timely designates testimony or exhibits from a deposition as being "Confidential", none of the deposition testimony or exhibits will be treated as Confidential. If a timely, "Confidential" designation is made, the Confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "Confidential" under the provisions of this Order.

10. Use of "Confidential" Documents in Papers Filed With the Court. Documents designated "Confidential," and all information contained therein or derived therefrom, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such "Confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed under seal with the Clerk of Court.

11. Use of "Confidential" Documents in Court. Documents designated "Confidential", and all information contained therein or derived therefrom, may be used or offered in evidence at the

trial of this case, or at any court hearing in this litigation, provided that:

a. Sufficient advance notice is given to permit the designating party or nonparty to seek additional protections or relief from the Court if desired; and

b. The "Confidential" documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are stamped "Confidential" and separately filed under seal with the Clerk of Court.

12. Litigation Use Only. All "Confidential" documents produced in this litigation, whether by a party or nonparty, and whether pursuant to Rule 34 of the Rules of Civil Procedure, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

13. Non-termination and Return of Documents. The provisions of this Order shall continue to apply to all "Confidential" documents and information after this action has been terminated. Upon termination of this action, including all appeals, the parties shall return all "Confidential" documents to the producing party, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain in its files one copy of each pleading or other paper filed with the Court; alternatively, the parties and/or any producing party may agree upon appropriate methods of destruction.

14. No Admissions. Nothing contained in this Order, nor any action taken in compliance with it, shall:

a. Operate as an admission by any party that any particular document or information is, or is not, Confidential; and

b. Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of this action.

15. Order. The court may enter an order consistent with this stipulation.

Dated: 6/13, 2002.

**THE COOPER LAW FIRM, CHARTERED**

Stephen W. Cooper (ID# 18788)
Stacey R. Everson (ID# 219277)
800 Ceresota Building
155 Fifth Avenue South
Minneapolis, MN 55401
Telephone: (612) 338-3533
Attorneys for Plaintiff

**KRASS MONROE, P.A.**

John Harper III (ID# 41397)
Terrance J. Wagener (ID# 213676)
Suite 1100 Southpoint Office Center
1650 West 82nd Street
Bloomington, MN 55431
Telephone: (952) 885-5999
Attorneys for Defendant

ORDER

Based on the foregoing Stipulation and agreement of the parties, the stipulated terms set forth above are adopted as an Order of this Court.

DATED this 19th day of July 2002.

BY THE COURT:

Raymond Erickson
U.S. Magistrate Judge

**CERTIFICATE OF COMPLIANCE**

1. I, ______________________________, have read the Stipulation and Protective Order ("Order") entered in the Federal District Court of Minnesota, and agree to be bound by its terms with respect to any documents, material or information designated or marked "Confidential" that are furnished to me as set forth in the Order.

2. I further agree (i) not to disclose to anyone any documents, materials or information marked "Confidential" other than as set forth in the Order, and (ii) not to make any copies of any documents, material or information marked "Confidential" furnished to me except in accordance with the Order.

3. I hereby consent to venue and jurisdiction in the Federal District Court of Minnesota, with regard to any proceedings to enforce the terms of the Order.

DATED this __ day of ___________, 2002. ______________________________
(Signature)

Subscribed and sworn to before me
this ____ day of _________, 2002.

______________________________
Notary Public

**EXHIBIT A**

G:\WPDATA\U\UNUMPROVIDENT\53-WALKER\PLD\STIP PROT ORDER RE RPF DOCS.DOC

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.