UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * * *

James R. Walker,

Plaintiff,

vs. MINUTE ORDER

UnumProvident Corp., f/k/a
Provident Life & Accident
Insurance Company,

Defendants. Civ. No. 01-1795 (DWF/RLE)

* * * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of August, 2002.

* * *

On August 1, 2002, the Court heard argument on the Defendants' Motion to compel discovery from the Minnesota Board of Medical Practice. At the time of the Hearing, the Plaintiff, James R. Walker ("Walker"), appeared by Stephen W. Cooper, Esq., the Defendant, UnumProvident Corporation ("Unum"), appeared by Terrance J. Wagener, Esq., and the Minnesota Board of Medical Practice ("the Board") appeared by Peter Krieser, Assistant Minnesota Attorney General. For reasons expressed at the Hearing, and briefly reiterated below, we grant the Defendants' Motion.

Walker, who is a former medical doctor, has sued his disability insurer, Unum, for breach of contract. Specifically, Walker contends that Unum wrongfully denied his claim for disability

(28)

FILED AUG 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK MD

benefits. He claims an entitlement to benefits from December 21, 1992, when, while covered by an insurance policy issued by Unum, he allegedly became totally disabled as a result of an anxiety disorder, a major depressive disorder, and a sexual disorder.

Walker was a practicing physician until 1992, and he worked as a medico-legal consultant until 2000. Due to a number of reports of inappropriate sexual contact, as well as the fact that Walker pled guilty to three charges of criminal sexual conduct in the third degree, in July of 1993, his license to practice medicine was suspended for an indefinite period of time, with the suspension stayed provided that Walker followed a number of conditions. See, Findings of Fact, Conclusions, and Order dated January 21, 1995, at 3, 24, Ex. A to Affidavit of Terrance J. Wagener ("Wagener Aff."). The suspension followed an investigation and Hearing before the Board.

Thereafter, in March of 1997, Walker attempted to have the terms and conditions of his license modified. See, Order Denying Petition for Modification, Ex. A to Wagener Aff. The Board denied Walker's Petition. Id. Subsequently, in June of 1999, Walker was again charged with two counts of criminal sexual conduct, and he pled guilty to sexual misconduct, dating from 1991, in December of 1999. His medical license was then revoked on March 28, 2000. See, Order for Automatic Revocation, Ex. A. to Wagener Aff.

As we have noted, Walker claims that he has been disabled since 1992, in large part due to a sexual disorder. He asserts that, his sexually related disability, rather then his conviction for a crime which deprived him of his professional license, is the cause of his inability to work, and that, as a consequence, he is entitled to an award of disability benefits under his disability insurance contract. As part of his case, Walker retained an exert, Thomas G. Gratzer, M.D., who has expressed the opinion that Walker's psychiatric difficulties rendered him disabled from practicing medicine during the period from 1995, and continuing through the present. In formulating this opinion, Dr. Gratzer relied, in part, on the public Records of the Board.

Although Unum does have access to those same public Records, including those reviewed by Dr. Gratzer, it now seeks to compel the Board to produce "documents prepared or authored by Plaintiff, documents signed or otherwise acknowledged by Plaintiff, any of Plaintiff's transcribed deposition, hearing or trial testimony, and/or transcribed interviews or meetings." Memorandum of Law in Support of Motion to Compel Minnesota Board of Medical Examiners, at 2. As Unum explains, it did confer with the Office of the Minnesota Attorney General about securing the information by the issuance of a Subpoena, but was advised that, in order to obtain the information, Unum either had to have an authorization from Walker,

or a Court Order.[1] See, Wagener Aff., at ¶¶4-5. Walker opposes the production of the information, and he has refused to provide his authorization to allow an inspection of the Board's records.

The requested material is considered "private data on individuals" under the Minnesota Government Data Practices Act. Minnesota Statutes Section 13.41, Subdivision 1. The Statute provides as follows:

> a) The following data collected, created or maintained by any licensing agency are classified as private, pursuant to section 13.02, subdivision 12: data, other than their names and designated addresses, submitted by applicants for licenses; the identity of complainants who have made reports concerning licensees or applicants which appear in inactive complaint data unless the complainant consents to the disclosure; the nature or content of unsubstantiated complaints when the information is not maintained in anticipation of legal action; the identity of patients whose medical records are received by any health licensing agency for purposes of review or in anticipation of a contested matter; inactive investigative data relating to violations of statutes or rules; and the record of any disciplinary proceeding except as limited by subdivision 4.[2]

---

[1]Counsel for the Board advised, at the time of the Hearing, that the Board would comply with a Court Order but, at the moment, the Board was confronting computer problems which would require some additional time to allow the Board's compliance.

[2]Subsection 4 of Section 13.41 provides that "active investigative data relating to the investigation of complaints against any licensee" are deemed confidential, and therefore, unlike private (continued...)

Private data on individuals is not accessible to the general public, but can be accessed by the subject of the data. Minnesota Statutes Section 13.02, Subdivision 12.

As a result, the data requested by Unum can be disclosed either by an authorization from Walker, or by a Court Order, pursuant to Minnesota Statutes Section 13.03. Since Walker has not agreed to the disclosure, Unum is obligated to seek a Court Order under Section 13.03, Subdivision 6, which provides as follows:

> If a state agency, political subdivision, or statewide system opposes discovery of government data or release of data pursuant to court order on the grounds that the data are classified as not public, the party that seeks access to the data may bring before the appropriate presiding judicial officer, arbitrator, or administrative law judge an action to compel discovery or an action in the nature of an action to compel discovery.
>
> The presiding officer shall first decide whether the data are discoverable or releasable pursuant to the rules of evidence and of criminal, civil, or administrative procedure appropriate to the action.
>
> If the data are discoverable the presiding officer shall decide whether the benefit to the party seeking access to the data outweighs any harm to the confidentiality interests of the agency maintaining the data, or of any person

---

(...continued)
data, cannot normally be disclosed to the subject of the data. Minnesota Statutes Section 13.02, Subdivision 3, and Minnesota Statutes Section 13.41, Subdivision 4. There is no allegation that this is active investigation data.

> who has provided the data or who is the subject of the data, or to the privacy interest of an individual identified in the data. In making the decision, the presiding officer shall consider whether notice to the subject of the data is warranted and, if warranted, what type of notice must be given. The presiding officer may fashion and issue any protective orders necessary to assure proper handling of the data by the parties. If the data are a videotape of a child victim or alleged victim alleging, explaining, denying, or describing an act of physical or sexual abuse, the presiding officer shall consider the provisions of section 611A.90, subdivision 2, paragraph (b).

Accordingly, we must decide whether the data in question are discoverable under our Rules of discovery and, if so, we must determine whether the benefits of disclosure outweigh the confidentiality interests of the Plaintiff, and of others who are identified in the data.

Unum claims that the data are relevant because the Board examined whether Walker's ability to practice medicine should be restricted by his sexual misconduct, and because Walker may have disputed the significance, or the nature of his misconduct, or he may have made other admissions, in his representations to the Board. In contrast, Walker maintains that the proceedings before the Board should not be discoverable since there was considerable negotiation between Walker, and the Board, thereby invoking the policies of Rule 408, Federal Rules of Evidence, which limit the

admissibility of the fact of settlement, of an offer for settlement, or of statements made in settlement negotiations, for certain purposes. Moreover, Walker urges that the Hearings before the Board are quasi-judicial, and that the Board's deliberations are akin to a Jury and, therefore, should be protected as such. Finally, Walker contends that allowing such discovery would cause a chilling effect on the Board, since other licensed physicians would be hesitant about providing candid information to the Board if they knew that their statements could later be used in other settings.

Notwithstanding the Plaintiff's protestations to the contrary, we conclude that the requested information is relevant to the issues presented. At the very least, Walker is claiming that he was unable to work, during the time that he was appearing before the Board, first to defend his license, and then to seek a modification of the limitations on his license, and he may well have made admissions in the course of those appearances. Moreover, since Unum is only seeking the information, that Walker personally presented to the Board -- either in oral or written form -- there can be no legitimate concern, as has been voiced by Walker, that we would be violating the deliberation processes of the Board, for those processes remain private and undisclosed. Plainly, Unum is not seeking data compiled by, or for the exclusive use of, the Board.

Therefore, we conclude that the data requested is relevant and, therefore, discoverable. We have no occasion to now consider whether the discoverable information is admissible at Trial -- an issue we necessarily defer to the Trial Court.

Turning to the question of whether Unum's access to the data outweighs any confidentiality concerns of Walker, or of other persons who may be identified in the Board's documents, we appreciate the privacy interests of any persons identified in the documents, and undertake to preserve those privacy interests. As for the Plaintiff, his interest in privacy was substantially undermined when he commenced this suit against the Defendant. There would be fundamental unfairness in allowing the Plaintiff to sue the Defendant, claiming a total disability, and then prohibiting the Defendant from accessing information, which was provided by the Plaintiff during the claimed period of disability, and which may well relate to his capacity to perform his professional duties. Accordingly we find that the requested information should be provided to Unum, and we direct the parties to craft a confidentiality agreement, or submit a Protective Order for our approval, which would protect the data so disclosed from further dissemination, or use, outside the confines of this legal proceeding. In addition, we direct the Board to redact the names of any third-persons who may

be identified in the documents, other than Walker, or the Board members, or its employees.

In sum, we grant Unum's Motion to Compel, but direct the parties to "meet and confer," with a representative of the Board, concerning an appropriate mechanism to protect the privacy interests of the persons who are identified in the Board's documents.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion to Compel the Minnesota Board of Medical Practice [Docket No. 21] is GRANTED, as more fully detailed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE